**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**RUBEN RODRIGUEZ,**

Petitioner,

v.

**CIVIL ACTION NO. 5:20-CV-215**
Judge Bailey

**R. HUDGINS,** Warden,

Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 17, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

The petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner, acting *pro se*, instituted this habeas corpus proceeding on October 5, 2020, pursuant to 28 U.S.C. § 2241. On February 23, 2011, petitioner was sentenced to two-hundred and sixty-two months' imprisonment for one count of attempted possession

with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846.[1] According to the BOP website, petitioner is scheduled to be released on June 28, 2028.

In his petition and memorandum in support, petitioner raises four arguments: first, that his plea was involuntary because he was not advised of his potential status as a career offender and the presumption of innocence; second, that "the saving's clause within the Fourth Circuit holds truth within the petitioner's cause/call for justice;" third, that petitioner's prior convictions are no longer a valid basis for a career offender enhancement; and, fourth, that he was improperly sentenced because of the career offender enhancement. *See* [Doc. 1]. On November 17, 2020, Magistrate Judge Mazzone filed his R&R in which he recommends the petition be denied and dismissed without prejudice. The magistrate judge states that because petitioner was challenging the validity of his sentence, he must meet the four prongs of *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). The magistrate judge found that petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. In particular, because petitioner was sentenced under the post-*Booker*, purely advisory Guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth prong of *Wheeler*.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

---

[1]Taken from Rodriguez's criminal docket from the Eastern District of Pennsylvania, available on PACER. *See United States v. Rodriguez*, 2:09-CR-000695-PBT, [Doc 36].

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 12] on December 2, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Petitioner's sole objection raises the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), in which the Court of Appeals found that attempt crimes were not within the sentencing guidelines' definition of

"controlled substance offense."  Petitioner asserts that *Havis* represents a change in the law which satisfies the fourth prong of *Wheeler*.

In short, petitioner's reliance on *Havis* is misplaced; a challenge to career offender enhancement under *Havis* does not present a fundamental defect cognizable on collateral review.  *Gibson v. Phelps*, 827 F. App'x. 357 (4th Cir. 2020) (per curiam) (unpublished) (citing *Bullard v. United States*, 937 F.3d 654, 658–61 (6th Cir. 2019) ("*Havis* provides no relief on collateral review.")).  Accordingly, this objection is overruled.

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, the petitioner's objections **[Doc. 12]** are **OVERRULED**.  This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: January 26, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

4